UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN, <br><br> Plaintiff, <br> v. <br><br> SKYPEOPLE FRUIT JUICE CORP., <br> YONGKE XUE, and <br> BARRON PARTNERS LP, <br><br> Defendants. | 3:08-cv-1154 (CSH) |

RULING ON MOTION TO DISMISS

HAIGHT, Senior District Judge:

Defendants Skypeople Fruit Juice Corp. ("Skypeople"), Yongke Xue ("Xue"), and Barron Partners LP ("Barron Partners") (collectively, "Defendants") move pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(6) to dismiss the Amended Complaint ("Am. Compl.") of *pro se* Plaintiff Andrew Chien ("Chien" or "Plaintiff"). For the reasons stated herein, Defendants' Motion to Dismiss [Doc. 4] is GRANTED.

I.     BACKGROUND

Plaintiff's initial Complaint [Doc. 1] named only Skypeople and Xue as defendants. Skypeople and Xue moved to dismiss [Doc. 4] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Skypeople and Xue contend that Plaintiff lacks standing because he is not a party to the contract he seeks to enforce, and that the Court should dismiss this suit under the doctrine of *forum non conveniens* in favor of proceedings in China. Skypeople and Xue also maintain that the Court lacks personal jurisdiction over Xue, a citizen of China who is CEO of Skypeople, and over Skypeople, a Florida corporation with a principal place of business in

China. Finally, Skypeople and Xue assert that the contract Plaintiff seeks to enforce contains a forum selection clause requiring the parties to litigate their claims in China and requiring that Chinese law be applied.

After Skypeople and Xue filed the motion to dismiss, Plaintiff sought and was granted leave to amend the complaint. [Docs. 20 & 22] The Amended Complaint [Doc. 24] named Barron Partners as an additional defendant, whereupon Barron Partners filed a Memorandum in Support [Doc. 30] of the motion to dismiss filed by Skypeople and Xue. In addition to reiterating the grounds for dismissal asserted by Skypeople and Xue, Barron Partners' memorandum also sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, on the basis that complete diversity does not exist between Plaintiff and Defendants, because Plaintiff is a citizen of Connecticut and Barron Partners is a limited partnership with partners in Connecticut.

## II.   THE ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff's claims arise from a "Contract for Listing Service" dated August 28, 2006 (the "Agreement") between US China Channel, LLC ("China Channel"), a Connecticut corporation, and Shanxi Tianren Organic Food Co., Ltd. ("Tianren"), a Chinese corporation located in Tongxinge, China. Neither entity is named as a party in this suit. However, Plaintiff alleges that on July 1, 2008, China Channel assigned to Plaintiff all legal rights associated with the Agreement. (Am. Compl. ¶ 11, citing Assignment Agreement, Doc. 24-2.) Plaintiff also alleges that, subsequent to executing the Agreement, Tianren became a subsidiary of Defendant Skypeople, which fully controls Tianren, and that Tianren is a "precedent entity" of Skypeople. (Am. Compl. ¶¶ 2, 16)

Plaintiff's Amended Complaint asserts seven claims: (1) unfair competition in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b, (2) breach of the implied covenant of good faith and fair dealing, (3) common law fraud, (4) & (5) unjust enrichment (two counts), (6) business torts, interference with contract, and "intentional interference with Plaintiff's prospective economy advantage" [sic] and (7) conspiracy.

III.  DISCUSSION

A.  Subject Matter Jurisdiction

A court must grant a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) where a plaintiff has failed to establish subject matter jurisdiction. Golden Hill Paugussett Tribe of Indians v. Weicker, 839 F. Supp. 130, 136 (D. Conn. 1993). For the purposes of Fed. R. Civ. P. 12(b)(1), "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)). The court should not draw argumentative inferences in Plaintiff's favor. Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992). The court should, "however, construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). A court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction "may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); accord Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (noting that district courts may "refer[] to evidence outside of the pleadings, such as affidavits").

B.     Diversity Jurisdiction

Plaintiff alleges that "This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Andrew Chien (US citizen), Skypeople and Barron are citizens of different States and Plaintiff seeks damages in excess of $75,000." (Am. Compl. ¶ 9.) Plaintiff further alleges that Barron Partners is a private investment fund with its principal place of business in New York City. (Am. Compl. ¶ 8.)

Defendants move for dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, contending that the requisite complete diversity of citizenship between the parties does not exist because Plaintiff is a citizen of Connecticut and Barron Partners is a limited partnership with partners in Connecticut. Barron Partners has produced evidence that it has two limited partners in Connecticut: Anthony Di Benedetto of Washington Depot and Peter Godfrey of Westport. (Affidavit of Andrew Barron Worden, Chairman and CEO of Barron Partners, Doc. 30-2 at ¶¶ 6-9, and Exs. 2 & 3 thereto.) Mr. Di Benedetto and Mr. Godfrey have been limited partners of Barron Partners since August 14, 2003 and February 2, 2004, respectively, which was prior to the initiation of this litigation on August 1, 2008. Id. Plaintiff concedes that "Barron has two Connecticut partners." [Doc. 31 at ¶ 8.]

The citizenship of a limited partnership is determined by the citizenship of both its general and limited partners. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (holding that the citizenship of all partners in a limited partnership is relevant to the diversity determination, and that a court may not determine the citizenship of a limited partnership solely by reference to the citizenship of its general partners, without regard to

the citizenship of its limited partners). Therefore, Plaintiff's suggestion that, for purposes of determining whether complete diversity exists, the Court should consider only the citizenship of Barron Partners' general partner [Doc. 45-2 at ¶¶ 16-17], which Plaintiff states is Delaware, is inconsistent with controlling law. In the absence of complete diversity, the Court concludes that it does not have jurisdiction pursuant to 28 U.S.C. § 1332 over this case.

C.    Other Sources of Subject Matter Jurisdiction

In addition to alleging that the Court has diversity jurisdiction, the Amended Complaint states that "jurisdiction is also proper under 28 U.S.C. § 1331 and § 1338(a)." (Am. Compl. ¶ 9.) However, in his opposition to Barron Partners' memorandum in support of the motion to dismiss, Plaintiff concedes that the Court does not have jurisdiction under 28 U.S.C. § 1338, as the case does not involve a trademark, copyright or patent. [Doc. 31 at ¶ 6.] Plaintiff supports his claim that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 by asserting for the first time in his opposition brief a claim under 15 U.S.C. § 45. [Doc. 31 at ¶ 5.] Section 45 permits the Federal Trade Commission "to prevent persons, partnerships, or corporations. . . from using unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. §45(a)(2). The Section 45 claim does not appear in Plaintiff's Amended Complaint, which alleges only the seven state law claims listed above. Furthermore, 15 U.S.C. § 45 does not provide a private right of action. Naylor v. Case & McGrath, Inc., 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of action arises under [the Federal Trade Commission] Act."); Alfred Dunhill, Ltd. v. Interstate Cigar Co., 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission."). Plaintiff has failed to identify any viable

basis for subject matter jurisdiction in this case.

### D.     Other Grounds for Dismissal

Because the Court lacks subject matter jurisdiction, it does not reach the alternative grounds for dismissal advanced by Defendants.  However, it seems apparent that the contract that Plaintiff seeks to enforce contains a forum selection clause that requires the parties to litigate their claims in China and requires that Chinese law be applied [See "Contract for Listing Service," Doc. 6-2 at ¶ 11], which would necessitate dismissal.

### IV.    CONCLUSION

Defendants' Motion to Dismiss the Amended Complaint [Doc. 4] is GRANTED.  Also pending is Plaintiff's Motion for Leave to File Amended Sur-Reply.  The arguments in the proposed Amended Sur-Reply, which was attached to Plaintiff's Motion for Leave to File, have been considered by the Court and found unavailing, for the reasons that were set forth in this ruling.  Therefore, Plaintiff's Motion for Leave to File Amended Sur-Reply [Doc. 45] is DENIED AS MOOT.   The Clerk shall close the case.

It is SO ORDERED.

Dated: New Haven, Connecticut

October 9, 2009

                                                      /s/ *Charles S. Haight, Jr.*
                                                      Charles S. Haight, Jr.
                                                      Senior United States District Judge